NOT FOR PUBLICATION

## FILED



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAVERN D. FARRAR,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No.    16-35850

D.C. No. 3:15-cv-05297-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted May 7, 2018[**]
Seattle, Washington

Before: GOULD and IKUTA, Circuit Judges, and FREUDENTHAL,[***] Chief
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Nancy Freudenthal, Chief United States District Judge
for the District of Wyoming, sitting by designation.

Lavern Farrar appeals the district court's judgment affirming the Commissioner of Social Security's determination that Farrar was no longer disabled as of October 1, 2010. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The ALJ was entitled to reject Farrar's testimony upon finding evidence of malingering. *See Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ also provided additional specific, clear and convincing reasons for rejecting Farrar's subjective symptom testimony, including evidence that Farrar engaged in activities such as chopping down trees, chopping firewood, traveling alone, hunting, hauling things between properties, and driving and digging with a tractor, *see Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), as well as evidence that Farrar made inconsistent statements about the effectiveness of his medication and his maintenance of sobriety.

The ALJ did not err in weighing the various medical opinions. Although Dr. Deem's opinion was "susceptible to more than one rational interpretation," the ALJ's interpretation was reasonable, and therefore we uphold it. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks omitted). The ALJ gave germane reasons for rejecting the opinion of physical therapist William Linnenkohl because it was based on Farrar's subjective complaints, which the ALJ

2

deemed not to be credible. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). The ALJ also gave germane reasons for giving limited weight to the opinion of mental health counselor Philip Williams because it was contradicted by evidence in the record that Farrar could interact appropriately with the general public and adhere to social standards. The ALJ gave specific and legitimate reasons for rejecting Dr. Lewis's opinion because it was based on Farrar's subjective complaints and was inconsistent with other evidence in the record. The ALJ similarly gave specific and legitimate reasons for rejecting non-examining psychologist Anita Peterson's opinion because it was inconsistent with other evidence in the record. Finally, the ALJ properly weighed the evidence provided by treating physician Dr. Newell-Eggert that was significant and probative regarding Farrar's ability to work from October 2010. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam). Because the medical evidence prior to the April 2005 initial disability finding does not bear on the issue before the ALJ, we do not address the ALJ's evaluation of this evidence. *See Molina*, 674 F.3d at 1115.

Because the ALJ gave germane reasons for rejecting Farrar's testimony, we uphold the ALJ's rejection of Rose Farrar's similar testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

3

The ALJ did not err in framing his hypothetical question to the vocational expert or in the residual functional capacity finding, because the ALJ could exclude limitations based on Farrar's non-credible testimony and on medical sources that the ALJ had rejected. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**